United States District Court
District of Maryland, Southern Division

USDC- GREENBELT
'22 JAN 14 PM 12:05

| | |
|---|---|
| Ms. Jane Roe, a pseudonym )<br>   Plaintiff )<br>)<br>v. )<br>)<br>Hon. Brian Frosh, et al. )<br>   Defendants ) | Case No: PX 22CV0110<br>(To be filled in by Court) |

Plaintiff's Motion for Leave of Court to Proceed under Pseudonym; to Omit DOB, Phone Number, and Email Address from Complaint; <u>to Seal the Attached Declaration; and, Certificate of Service</u>

Now comes, Plaintiff Ms. Jane Roe, a pseudonym, and requests to proceed under pseudonym; to omit date of birth, phone number, and email address from complaint; and, to seal, the attached one-page declaration to the Court.

As this Court noted in *Casa de Maryland, Inc. v. Trump*, the Fourth Circuit has held that while the public has an important interest in open judicial proceedings, "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity." No. GJH-18-845, 2018 WL 1947075, at *1 (D. Md. Apr. 25, 2018) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)).

Several factors are considered to balance the need for open proceedings against a party's privacy concerns:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of **sensitive and highly personal nature**; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, **to innocent nonparties**; the ages of the person whose privacy interests are sought to be protected; whether the **action is against a governmental** or private party: and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to procced anonymously.

1

*Pub. Citizen*, 749 F.3d at 273 (quoting *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)). In *Casa de Maryland*, this Court found these factors favored allowing plaintiffs, who challenged a federal immigration policy decision that resulted in rescission of their lawful immigration status, to omit their addresses. 2018 WL 1947075 at *1-*2. The Court also found that the plaintiffs' addresses had no bearing on the merits of their action and that shielding them from public view would not prejudice government defendants. *Id*. at *2.

Also in *Edgar v. Coats*, 454 F.Supp.3d 502, 522 (D.Md. 2020), this Court found "the Movants' rationales for withholding their addresses align with the *Public Citizen* factors to varying degrees, the Court finds that granting the motion is warranted given the limited countervailing public interests at play. As in *Casa de Maryland*, Plaintiffs' addresses 'are of minimal import to furthering the openness of judicial proceedings.'" Further, there is no indication of any prejudice to Defendants, nor "is it apparent that the addresses are relevant to any questions before the Court." *Id*.

Here, Plaintiff Jane Roe asserts that false allegation of incest, *inter alia*, was made, and must be examined here as invidious racial and/or personal animus.[1] *Strickland v. Residence Inn*, No. 3:21-cv-00270-HZ, 2021 WL xxxx, at *2 (D. Or. July 12, 2021) ("a factfinder could infer intentional discrimination from Defendants' employees' alleged treatment of Plaintiff. Although Defendant Pirret did not call Plaintiff a racial slur, her remarks to Plaintiff accusing him and his sister of committing a crime (forgery) and characterizing him as ***uneducated and illiterate***

---

[1] *Craig v. US Bancorp*, No. CIV. 03-1680-AA, 2004 WL 817149, at *4 (D. Or. Apr. 14, 2004) ("[T]he issue here is ***not*** whether racial invective was used […] but whether [plaintiff] was treated differently because of his race and whether that treatment resulted in [plaintiff] suffering any harm.").

constitute circumstantial evidence from which a factfinder could reasonably infer a discriminatory motive based in invidious racial stereotypes about African Americans.").

The nub of it is: Plaintiff Ms. Roe was repeatedly accused of being stupid, illiterate, a "bit player," and unsophisticated to defend herself and her interests. Most troubling was a proposed order submitted wherein Plaintiff Ms. Roe was falsely accused of, paraphrasing, '*repeatedly* holding herself out as her former-father-in-law's *wife*,' i.e., incest. This false allegation was published.

Recently, on 1/11/2022, the following was stated: "had an incestuous sexual relationship with her former father-in-law[.]" Again, the 1/11/2022 quoted text was published. Of course, this is simply not true and wholly invented to scare away Plaintiff from demanding her inheritance.

In Plaintiff's opinion, future findings of facts by this Court will include a discussion of such evidence and that is sufficient to shield my identity and identifiable information.[2] Finally, Plaintiff is a single mother raising her son – he's a student and lives at home. A young man simply doesn't have the maturity to understand someone's malicious and evil false accusation of "incest" between his mother and his deceased grandfather.

Defendant(s) will not be prejudiced, in the least bit, if Plaintiff proceeds anonymously and omits other personal identifying information from complaint. This Court and Defendants will receive the attached "declaration" – which one-page document this Court is *humbly* requested to seal. To be sure, there is a public interest in punishing and preventing Defendants' alleged activities; but not in *further* humiliating Plaintiff Ms. Roe.

---

[2] At this stage, merely shielding identifiable information is sufficient by granting leave to use pseudonym and sealing Plaintiff's attached declaration. However, as the case progresses, this Court, most likely, will be requested to "seal" the entire record. But that is not before the Court now.

Respectfully submitted,

*Jane Roe*
Ms. Jane Roe, a pseudonym
Plaintiff, *pro se*

### Certificate of Service

I hereby certify that a copy of this motion with declaration was mailed this 14th day of January, 2022 to:

Hon. Mr. Frosh, 200 St. Paul Place, Baltimore, Md. 21202
Hon. Mr. Griffin, 50 Maryland Ave., North Tower 3220, Rockville, Md. 20850

*Jane Roe*
Ms. Jane Roe, a pseudonym, *pro se*